AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Western District of Washington

| | |
|---|---|
| COURTNEY JEAN BESCH | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) Civil Action No.  3:22-cv-05427 |
| WA STATE DEPARTMENT OF CORRECTIONS; | ) |
| CHERYL STRANGE; CHRISTOPHER FLOE; | ) |
| MASON COUNTY, WASHINGTON; CASEY | ) |
| SALISBURY; CHRISTOPHER MONDRY | ) |
| _Defendant(s)_ | ) |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  Washington State Department of Corrections - ServiceATG@atg.wa.gov
Cheryl Strange - ServiceATG@atg.wa.gov
Christopher Floe - Mason County Jail, Block M3, Shelton, WA 98584
Mason County, Washington - 411 N 5th Street, Shelton, WA 98584
Casey Salisbury - 1790 Cole Road SE, Shelton, WA 98584

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    John R. Bonin
PO Box 783
Shelton, WA 98584

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____

_____
_Signature of Clerk or Deputy Clerk_

1

**HONORABLE DAVID G. ESTUDILLO**

2

3

4

5

6    John R. Bonin, WSBA #25760
Attorney for Plaintiff Courtney Jean Besch

7    John R. Bonin, P.S.
PO Box 783

8    Shelton, WA 98584

9

UNITED STATES DISTRICT COURT

10

WESTERN DISTRICT OF WASHINGTON AT TACOMA

11

12    COURTNEY JEAN BESCH,                    **Case No.: 3:22-cv-05427**
               Plaintiff,

13                                                       **(MASON COUNTY SUPERIOR**
                                                              **COURT CAUSE NO. 22-2-00254-23)**

14    vs.

15    WASHINGTON STATE DEPARTMENT            **SECOND AMENDED COMPLAINT**
OF CORRECTIONS, an Entity of the State

16    of Washington; and CHERYL STRANGE,
in her office as Secretary of the Department

17    of Corrections; and CHRISTOPHER FLOE,
individually and in his capacity as an

18    employee of the State of Washington
Department of Corrections; and MASON

19    COUNTY, WASHINGTON, a government

20    entity operating as the Mason County
Sheriff's Department; and Casey Salisbury

21    as Sheriff of Mason County Sheriff's

22    Department; and CHRISTOPHER
MONDRY, individually and in his capacity

23    as Deputy/employee of the Mason County

24    Sheriff's Department,
               Defendants.

25

26

27         Plaintiff COURTNEY JEAN BESCH, by and through counsel, John R. Bonin, Bonin

28    Law amends and alleges the Complaint in this matter pursuant to CR 15(c) as follows:

SECOND AMENDED COMPLAINT - 1

# I. PARTIES/JURISDICTION & VENUE

1.1    Plaintiff Courtney Besch was at all material times hereto, a resident of Mason County, Washington.

1.2    Defendant Christopher Floe was at material times hereto a Probation Officer employed with the Washington State Department of Corrections.

1.3    Defendant Washington State Department of Corrections is a government entity lead by Secretary Cheryl Strange who is being sued in his/her capacity as the head of this governmental agency.

1.4    The Washington State tort claim process under RCW 4.92 has been complied with in this action to properly bring the Department of Corrections into this litigation.

1.5    Defendant Christopher Mondry was at material times hereto a Mason County Sheriff's Office Deputy.

1.6    Defendant Mason County is a government entity which operates the Mason County Sheriff's Office under the direction of Casey Salisbury who is being sued only in his capacity as Sheriff.

1.7    Plaintiff has complied with RCW 4.92 in association with the filing of this action as against the County.

1.8    Jurisdiction and Venue are proper herein.

# II. FACTS:

2.1    Courtney Besch is a female who has some criminal history involving substance abuse and addiction.  Besch's criminal history caused her to develop a working relationship with former Deputy Mondry who was a deputy who knew of Besch as someone within the community who was to be monitored for drug related substance abuse crimes.

2.2    As a result of crimes related to her substance abuse problems, Besch was subject to criminal punishment which led her to probation with the State of Washington Department of Corrections.

SECOND AMENDED COMPLAINT - 2

John R. Bonin, P.S.
PO Box 783
Shelton, WA 98584
T: (360) 427-7474
F: (360) 427-7475

2.3    While on probation, Besch was subjected to on-going and intensive pressure for sexual favors from Sheriff's Deputy Mondry and then from DOC probation officer Christopher Floe.

2.4    The intense pressure from Deputy Mondry led to Besch being subject to what amounted to nothing less than "on-call" status for Mondry's sexual desires and Besch would be instructed to appear at locations to be picked up and taken to other locations by Deputy Mondry where they would engage in pressure based sexual gratification of Deputy Mondry. Deputy Mondry was on duty during these forced sexual encounters. Deputy Mondry would consistently represent to Besch that if she ever stopped satisfying his sexual urges that he would see to it that she was violated in probation.

2.5    The sexual gratification requirements of Deputy Mondry increased substantially over time to include taking Besch to locations like storage properties for Mason County Sheriff vehicles where the two would engage in relations in the Sheriff's assault vehicle while it was parked for storage. Mondry's sexual gratifications with Besch took place while he was on duty as a Deputy.

2.6    While suffering through this issue the "word" regarding Ms. Besch apparently got out to others who were also inclined to sexually exploit people using their law enforcement related offices. As a result, Ms. Besch became, rather forcibly, introduced to Department of Corrections Probation Officer Christopher Floe. Floe was not Besch's direct probation officer but was in the same building as Besch's direct probation officer, knew about Besch's encounters with Mondry and exerted high pressure and apparent authority over Besch to cause her to feel alarm that her parole status would be revoked if she did not provide him sexual gratification as well.

2.7    At one point in this "relationship" with DOC PO Floe, the two were observed within the confines of the Department of Corrections building exchanging flirtatious "Messenger" communications which resulted in Besch being required to show other DOC administration/officers her telephone messages. The messages were obviously coming from Floe and were coming to Besch from Floe while Floe was in the same DOC building with her. Nothing was asked of Besch. DOC did nothing but examine her phone and asked no questions of her. Floe continued to remain employed and to Besch's knowledge neither she nor Floe were

SECOND AMENDED COMPLAINT - 3

John R. Bonin, P.S.
PO Box 783
Shelton, WA 98584
T: (360) 427-7474
F: (360) 427-7475

1    instructed not to communicate with one another. The Department of Corrections, despite having

2    knowledge of the inappropriate relationship, did not open a PREA investigation and did not

3    properly discuss or investigate anything with the highly pressured victim Courtney Jean Besch

4    who was terrified of backlash from two sources (both County and State) if she came forward.

5    The acts of Floe and DOC being in direct violation of RCW 72.09.225 and RCW 9A.44.170.

6    2.8    In the course of this forced relationship, Floe demanded that Besch enroll in and create a

7    "Snap Chat" account so that he could send and demand lude and obscene photos from her in a

8    manner that could not be traced and would disappear shortly after receipt.

9    2.9    In or around October of 2021 Besch confided in a friend about the abuses she was

10    suffering at the hands of both these law enforcement officers.

11    2.10    In or around November of 2021 Deputy Mondry suddenly left his position with the

12    Mason County Sheriff's department and headed out of state.

13    2.11    In or around November of 2021 the friend of Ms. Besch confided the sexually

14    inappropriate behavior of PO Floe to a DOC employee, who in turn, on information and belief,

15    engaged in submitting an incident report to discuss the sexually inappropriate actions of a

16    Probation Officer in association with a person under supervision and control of the Department

17    of Corrections.

18    2.12    On information and belief, the rumor and gossip issues that have plagued the State of

19    Washington Department of Corrections caused Christopher Floe to get an advanced tip from co-

20    workers that he was about to be called in and placed on investigatory suspension while the

21    Department of Corrections investigated the issues.

22    2.13    Armed with the knowledge that he was about to be placed on investigatory suspension

23    and subject to possible termination, PO Floe engaged in an elaborate scheme with his sister

24    wherein his sister would engage in an non-fatal shooting of PO Floe while Floe was in the course

25    of conduct at work so he could file a State of Washington Labor and Industries claim, be taken

26    off work before his investigatory suspension was to take effect and receive the additional

27    benefits offered DOC employees who were injured by violent crimes at work.

28

SECOND AMENDED COMPLAINT - 4

John R. Bonin, P.S.
PO Box 783
Shelton, WA 98584
T: (360) 427-7474
F: (360) 427-7475

2.14    On information and belief, the purpose of this fraudulent scheme by PO Floe was to utilize his workplace benefits to avoid investigation of these issues while maximizing his income.  The location selected by Floe to carry out his fraudulent scheme with his sister was the exact some location where PO Floe would engage in forced and coerced sexual acts with Besch – an area on the physical property of the DOC probation office in Shelton, Washington that did not have security cameras in place and was not well lit.

2.15    PO Floe has admitted that knowledge of the pending investigation into his behaviors with Besch was a material reason for him to conspire with his sister to shoot him.  On information and belief, such a conspiracy, if successfully caried out would secure a "work-place assault" injury status which would remove Floe from the roster at DOC and put him on injured work with enhanced work-place assault benefits.  PO Floe is currently being criminally prosecuted with his sister for his conduct and statements to law enforcement investigating his being shot at work.

2.16    For each of the two perpetrators whose conduct is complained of herein, they acted under color of their authority and offices to take a position of power with Besch in order to engage in actions for their own personal sexual pleasure.

2.17    The sexual actions required by Besch were forced and under pressure under fear of repercussions if she did not comply.  Such pressure from Deputy Mondry included express statements that if she stopped, he would find a way to violate her probation.  Besch, therefore believed that Deputy Mondry and PO Floc were familiar with one another had a clear understanding that her obligation to provide sexual gratification to both of them was an on-going term and condition of her successful completion of probation.

2.18    The events reflected herein took involving forced sexual gratification of these two officers of the law took place on a consistent basis between the days of August 1, 2018, through October 10,2021. With Floe, the activities ended when Plaintiff's probation was up in February of 2021, and she no longer had to engage with him in any way.  With Mondry, who had a long history of being Besch's arresting officer, the activities continued until October of 2021.

2.19    These people of power both remained employed with their agencies through the majority of 2021 and Plaintiff continued to live in fear of retaliation by both in their positions of authority

SECOND AMENDED COMPLAINT - 5

John R. Bonin, P.S.
PO Box 783
Shelton, WA 98584
T: (360) 427-7474
F: (360) 427-7475

1    if she engaged in trying to get help.  Indeed, this situation was so impactful upon the Plaintiff
2    that she continued to have sexual relations with Mondry against her will as the only one who still
3    wanted those relations to happen.

4    2.20    It took a DOC employee from a different internal department who received information
5    from a friend of the Plaintiff, told by the Plaintiff in confidence, to file an incident report on
6    matters that the Department of Corrections knew or should have known about for years by virtue
7    of having examined at least the cellular telephone data of Courtney Besch. The fact that Floe was
8    not subject to some form of discipline after the review of her cellphone information terrified
9    Plaintiff even more because the Department itself was now aware of what was happening, and
10   the only communication Plaintiff received on the topic of her cell phone was instruction from
11   Floe himself that now they needed to stop and she should never tell anyone. All while continuing
12   to engage in forced sexual encounters with Mondry, a person who was in power to either
13   manufacture false probation violations or, if probation was no longer a factor, false charges
14   where her criminal history and possible referral back to prison or even more terrifyingly
15   probation in this setting with longer threat of even longer term continued sexual exploitation
16   would occur.

17   2.21    The fact that PO Floe knew about the incident report prior to being put on any form of
18   investigatory suspension while an investigation was conducted is established by the criminal
19   acts, as well as the admissions he has made to local prosecuting authorities that he had
20   knowledge that an investigation was going to be undertaken and decided to create this elaborate
21   conspiracy to engage in having his sister shoot him where he had previously engaged in the
22   physical components of these egregious abuses of his power over the Plaintiff, completely under
23   the nose of the Department of Corrections Probation office.

SECOND AMENDED COMPLAINT - 6

### III. CAUSES OF ACTION

**A.    SEXUAL ASSAULT, NEGLIGENT INVESTIGATION, FAILURE TO IMPLEMENT THE PRISON RAPE ELIMINATION ACT AND OUTRAGE**

3.1    Plaintiff restates and realleges all prior paragraphs as if fully set forth herein.

3.2    Plaintiff was a vulnerable and exposed potential victim of high-pressure hostile sexual behaviors and environments brought by perpetrators taking advantage of her precarious position.

3.3    Plaintiff's classification as a person on probation made her a person falling within that class of vulnerable persons.  RCW 72.09.015.

3.4    The government has created an Act known as the Prison Rape Elimination Act which charges government agencies with proper and full compliance with steps to protect persons like the Plaintiff from sexual abuse and exploitation.  See RCW 9A.44.160, .170; see also 34 U.S.C. § 303, et. seq.

3.5    For a protracted period of time government agencies knew or should have known based upon the circumstances of the forced sexual encounters while Deputy Mondry was on-duty, in uniform and in locations like the storage yards for Mason County Sheriff Office vehicles, and based upon things like the brief investigation into cell phone communications between PO Floe and the Plaintiff that Plaintiff was in danger and in need of protection.

3.6    Deputy Mondry, in his capacity as a law enforcement agent for the Mason County Sheriff's office engaged in forcible unwelcomed touching's to include but not be limited to lude comments, mandatory oral sex, digital penetration and fornication with Besch, all while in Mason County Sheriff Department vehicles and while on duty and all under threat to this female victim that if she did not engage in these actions he would cause her probation to be violated.

3.7    PO Floe, in his capacity as a DOC probation officer for the State of Washington engaged in forcible unwelcomed touching to include but not be limited to lude comments, demands to engage in lude photo exchanges via a "Snap Chat" account Floe required her to create for that purpose, and forced kissing and "heavy petting" while on real property where DOC's probation office was located and all while Floe was on duty in his capacity as a State employee.  All

SECOND AMENDED COMPLAINT - 7

1    actions that Floe forced Besch to perform and have performed on her were under the pressure

2    and knowledge that Floe had a position of power influence over Besch and her probation status.

3    3.8     The actions of Floe and the actions of Mondry were unwelcomed but forced upon a

4    terrified recovering drug addict afraid that at any moment she might be sent back to prison for

5    failing to engage in these sexual acts with these perpetrators.

6    3.9     As a direct and proximate result of the actions and omissions of the Defendants the

7    Plaintiff has been injured in an amount to be proven at time of trial or hearing.

8    3.10     Exhaustion of the Prison Elimination Rape Act procedures should not be held to apply in

9    this setting because the Department of Corrections itself knew or should have known by virtue of

10   full review of Plaintiff's smart cellular phone communications that they had an immediate issue

11   that needed to be reported and corrected under this act and instead elected to say nothing to

12   Plaintiff regarding her rights and her ability to step forward to persons other than Floe as her

13   assailant without repercussion.

14   3.11     When DOC discovered the exchange of electronic communications by and between Floe

15   and Besch within the confines of the DOC Community Supervision/Probation Office, DOC

16   reviewed Ms. Besch's cellular telephone but took no action, did not advise her of her right to file

17   a claim against Floe to trigger an investigation and assure her that if she came forward to do so

18   that she would be fully protected under this Act.  To the contrary, DOC administration simply

19   reviewed the cellular telephone data and gave the phone back to Besch.  What followed was high

20   pressure communication from Floe not to tell anyone anything else about their relationship.

21   3.12     Defendant DOC had a duty to trigger a PREA investigation and to assure Besch of her

22   safety while protecting her from further contact with Floe during the course of that investigation.

23   3.13     Defendant breached its duties to Besch, engaged in no PREA investigation of the issues,

24   did not advise Besch of her right to come forward with protection and allowed Floe to continue

25   to talk to her.

26   3.14     Besch continued to live in fear for a substantial time until a female Besch had confided in

27   came forward and informed another female DOC employee, who complied with her duty and

28   called for a PREA investigation into the allegations against Floe.

SECOND AMENDED COMPLAINT - 8

John R. Bonin, P.S.
PO Box 783
Shelton, WA 98584
T: (360) 427-7474
F: (360) 427-7475

3.15    Besch was damaged by the Defendant DOC's failure to properly comply with the PREA investigation process or respect her rights and need for protection at times when affording such protections might have served to help Besch.

3.16    The conduct as set forth herein and as set forth in this Complaint as a whole is of such a caliber of extreme or outrageous as to compel a reasonable person upon hearing the facts to exclaim "outrageous." Such conduct was not only on the part of Floe and Mondry, but also DOC Administrative heads (ultimately responsible to Secretary Strange) and Mason County Sheriff's Department (ultimately responsible to Sheriff Casey Salisbury as its elected official) who failed to properly investigate a serious situation at an appropriate time or effectively monitor what their employees were doing while on duty and/or through use of their positions.

3.17    As a direct and proximate result the Plaintiff has been injured in an amount to be proven at time of trial or hearing.

**B. 42 USC § 1983 DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF LAW**

3.18    Plaintiff restates and realleges all prior paragraphs as if fully set forth herein.

3.19    Defendants Mondry and Floe acting in their official capacities engaged in and did actions that were blatant misuses and abuses of their authority and did so under color of law.

3.20    The actions of Defendants Mondry and Floe and each of them acted to deprive Besch of her civil liberties and civil rights, effectively turning her into a vessel for sexual escapades and a sex slave for their personal needs.

3.21    All of these actions occurred under the nose of both the Washington State Department of Corrections and the Mason County Sheriff's Office while these officers were on duty working for the entities that they worked for. The nature of the actions and the locations where the actions took place were of a caliber that a reasonable employer exercising due diligence regarding what their employees were doing during working hours at locations owned, operated or rented by the employer and in government owned vehicles.

SECOND AMENDED COMPLAINT - 9

3.22    As a direct and proximate result of these actions the Plaintiff has been injured in an amount to be proven at time of trial or hearing.

## C. SEXUAL HARASSMENT

3.23    Plaintiff restates and realleges all prior paragraphs as if fully set forth herein.

3.24    Plaintiff was regularly subjected to unwelcomed physical sexual advances and explicit directions to engage in sexual conduct by persons in superior authority position over her who either had direct control or apparent control of her future and freedom.

3.25    The conduct of the Defendants Mondry and Floe was unwelcomed.

3.26    When Plaintiff let it be known that she wanted to stop this behavior she would be threatened with the abuse of the offices of those who were soliciting sexual favors from her.

3.27    The actions and omissions of the Defendants in conducting themselves in this manner as well as superiors allowing this to happen when they knew or should have known of issues was within the definition of creation of a sexually pervasive and hostile environment for the Plaintiff where in "order to get along, she had to go along."

3.28    As a direct and proximate result of the actions and omissions as expressed herein the Plaintiff has been injured in an amount to be proven at time of trial or hearing.

## D.    EMOTIONAL DISTRESS

3.22    Plaintiff restates and realleges all prior paragraphs as if fully set forth herein.

3.23    The Defendants Mondry and Floe knew or should have known that their actions of forcing themselves upon the Plaintiff in this fashion was conduct that would cause a reasonable person in Plaintiff's position to feel emotional distress.

3.24    As a direct and proximate result of the actions of the Defendants Mondry and Floe and each of them Plaintiff did in fact suffer emotional distress.

3.25    Plaintiff has been injured in amounts to be proven at time of trial or hearing herein.

SECOND AMENDED COMPLAINT - 10

**E. NEGLIGENCE**

3.26    Plaintiff restates and realleges all prior paragraphs as if fully set forth herein.

3.27    Defendants had duties due to the special relationship with Plaintiff.

3.28    Defendants breached those duties.

3.29    As a direct and proximate result of Defendant's breach of duties the Plaintiff has been injured in an amount to be proven at time of trial or hearing.

## IV    REQUEST FOR RELIEF

Wherefore, Plaintiff, having set forth causes of action requests the Court order the following relief:

A)    Findings of Fact and Conclusions of law as against Defendants and each of them in accord with proof as to each claim as shall be proven at time of trial or hearing with tolling of statute of limitations issues as against the individuals having committed the intentional torts based upon on-going activities having collectively ended only upon Deputy Mondry leaving his own position of authority within the jurisdiction capable of ruining the life and future of the Plaintiff – having his last forced sexual act with her just shortly before leaving his job.

B)    Findings of fact and conclusions of law that a deliberate failure to open a PREA investigation years prior to PO Floe getting reported in writing after Besch was no longer on active probation under DOC control (but while still having forced sex with Deputy Mondry while not being subject to PREA regulations as a "free" person out of custody beyond the intense emotional custody that she was feeling) should not allow for any claim of exhaustion but should allow for all additional remedies that would have and should have been made available to Plaintiff had the Department or Corrections done its job after examining Plaintiffs cell phone and launched a proper PREA investigation where Plaintiff would have and should have been encouraged to come forward with protections rather than just sit by while her phone was examined in silence.

SECOND AMENDED COMPLAINT - 11

John R. Bonin, P.S.
PO Box 783
Shelton, WA 98584
T: (360) 427-7474
F: (360) 427-7475

1   C)     An award of damages, in accord with proof to be presented at time of trial or hearing for

2   all damages suffered and sustained by the Plaintiff in association with those actions and inactions

3   complained of herein.

4   D)     All mental health therapy and compensation that would otherwise have been available to

5   Besch under the PREA had the department engaged in the full PREA investigation they should

6   have engaged in at the time of examination of Courtney Besch's cell phone and proper interview

7   of a terrified victim who was being sexually exploited by two different sources and two different

8   positions of power – one of whom could cause her to be arrested again on new charges at any

9   time regardless of her parole or probationary status as well as future mental health therapy.

10   E)     All damages available to Plaintiffs under the parameters of 42 USC 1983 inclusive of but

11   not limited to punitive damages and fees under 42 USC 1988.

12   F)     For such other and further relief as the Court deems just and appropriate.

13

14   Dated: ~~July 14~~ Oct 6, 2022

15

16   Respectfully submitted,

17   John R. Bonin, P.S.

18

19

20   John R. Bonin, WSBA #25760

21   Attorney for Plaintiff Courtney Besch

22   PO Box 783

23   Shelton, WA 98584

24   360-427-7474

25   360-427-7475 Facsimile

26   johnbonin@johnbonin.com

27

28

SECOND AMENDED COMPLAINT - 12

1

## **<u>VERIFICATION</u>**

2   **THE UNDERSIGNED, pursuant to RCW 9a.72.085 states:**

3   I am a Plaintiff herein.  I have reviewed the above referenced complaint and I certify that the

4   content is truthful and accurate to the best of my ability.

5   Signed this ‾6‾‾ day of ‾Thursday‾‾‾‾, 2022 in Mason County, Washington

6

7   Courtney Besch (Oct 6, 2022 13:29 PDT)

8   Courtney Besch

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SECOND AMENDED COMPLAINT - 13

**John R. Bonin, P.S.**
**PO Box 783**
**Shelton, WA 98584**
**T: (360) 427-7474**
**F: (360) 427-7475**

# Besch Amended Complaint

Final Audit Report                                                                 2022-10-06

| | |
|---|---|
| Created: | 2022-10-06 |
| By: | Trevor Richie (trevor.richie@johnbonin.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAqdd1kGBh12qxTjh8MtGOH8p-K9ZCFUfH |

## "Besch Amended Complaint" History

📄 Document created by Trevor Richie (trevor.richie@johnbonin.com)
2022-10-06 - 5:44:18 PM GMT

📧 Document emailed to enlightenme530cb@gmail.com for signature
2022-10-06 - 5:45:01 PM GMT

📄 Email viewed by enlightenme530cb@gmail.com
2022-10-06 - 8:27:02 PM GMT

✍ Signer enlightenme530cb@gmail.com entered name at signing as Courtney Besch
2022-10-06 - 8:29:13 PM GMT

✍ Document e-signed by Courtney Besch (enlightenme530cb@gmail.com)
Signature Date: 2022-10-06 - 8:29:15 PM GMT - Time Source: server

✅ Agreement completed.
2022-10-06 - 8:29:15 PM GMT