UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| COURTNEY JEAN BESCH,<br><br>                    Plaintiff,<br>    v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS et al.,<br><br>                    Defendant. | CASE NO. 3:22-cv-05427-DGE<br><br>ORDER ON MOTION FOR DEFAULT JUDGMENT (DKT. NO. 176) |

This matter comes before the Court on Plaintiff Courtney Jean Besch's motion for entry of default judgment against Defendant Christopher Mondry. (Dkt. No. 176.) Mondry has neither appeared in this action nor opposed Plaintiff's motion. Plaintiff filed her first motion for default judgement against Mondry on September 20, 2024. (Dkt. No. 168.) The Court denied that motion as moot because an entry of default had not been made with respect to Plaintiff's Third Amended Complaint and because the Third Amended Complaint—which asserted new claims for relief—had not been served on Mondry. (Dkt. No. 172.)

1       As the Court explicated in its previous order, the Federal Rules of Civil Procedure are clear that a pleading that asserts a new claim for relief against a party who is in default for failing to appear "must be served on that party *under Rule 4*." Fed. R. Civ. P. 5(a)(2) (emphasis added). (*See* Dkt. No. 172 at 3.) Plaintiff responded that "[s]ervice of the Third Amended Complaint was mailed to Defendant Mondry's last known address . . . pursuant to FRCP 5(b)(2)(C)" (Dkt. No. 173 at 2) and stated: "I was unaware that the Court was not aware of this step having taken place and point out that the Declaration of Mailing . . . supports this." (Dkt. No. 174 at 2.) Plaintiff makes no effort to explain why mail service pursuant to Rule 5(b)(2)(C) might be adequate here, as the Third Amended Complaint asserted multiple new claims for relief against Mondry. (*See* Dkt. No. 122 at 10–13.) This means that Rule 4 governs service of process, not Rule 5. *See* Fed. R. Civ. P. 5(a)(2). As the Court stated previously: "Plaintiff may re-move for an entry of default against Mondry only after Plaintiff serves Mondry with process in accordance with Rule 4(c) and after Mondry fails to respond." (Dkt. No. 172 at 3.)

      Accordingly, Plaintiff's second motion for default judgment must be denied at the outset, as Plaintiff has not served Mondry with process. The Court takes this opportunity to remind Plaintiff that it has now twice denied motions for default judgment due to Plaintiff's errors. It will be disposed to deny a third motion and dismiss this action should Plaintiff file another motion that fails to comply with the clearly established standard under which motions for default judgment are evaluated. *See Kozina v. Jackson*, No. 2:23-CV-201-DJC-CSK, 2024 WL 3539288 (E.D. Cal. July 24, 2024) ("The law governing motions for default judgment is well-established

ORDER ON MOTION FOR DEFAULT JUDGMENT (DKT. NO. 176) - 2

and counsel was presumably well aware of the consistently cited and applied *Eitel* factors") (citing *Eitel v. McCool*, 782 F.2d 1470, 1471–1472 (9th Cir. 1986)).[1]

Accordingly, Plaintiff's second motion for Default Judgment (Dkt. No. 176) is DENIED without prejudice.  As the Court stated once before, Plaintiff may re-move for an entry of default against Mondry only after Plaintiff serves Mondry with process in accordance with Rule 4(c) and after Mondry fails to respond.

Dated this 29th day of October, 2024.

David G. Estudillo
United States District Judge

---

[1] Additionally, allegations related to damages are not presumed true at default and must be supported with evidence.  *See Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–918 (9th Cir. 1987); *see also* Fed. R. Civ. P. 55(b)(2)(B).  Accordingly, a "plaintiff must 'prove up' the amount of damages, fees, and costs it requests by providing admissible evidence in the form of clear declarations, calculations, witness testimony, or other documentation supporting its request." *Bostik, Inc. v. J.E. Higgins Lumber Co.*, No. 12-4021 SC, 2013 WL 312074, *4 (N.D. Cal. Jan. 10, 2013). "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct." *Veteran Specialties Contracting*, 2024 WL 2002220, at *4 (quoting *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014)); *see also Olive v. Robinson*, No. 2:18-CV-00862-BAT, 2019 WL 4748390, *6 (W.D. Wash. Sept. 30, 2019) ("The Court must ensure that the amount of damages is reasonable and demonstrated by the evidence.").  Plaintiff is admonished to take these evidentiary requirements into consideration when presenting any future motion for default judgment that requests significant damages.